**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 11-21014-CIV ALTONAGA/SIMONTON**

**LORENZO RIVERA,**

       **Plaintiff,**

**v.**

**A & A FONTE, INC.,**
**and ANDRES FONTE,**

       **Defendants.**

_____/

## ORDER ON DISCOVERY PROCEDURES

This matter is before the Court *sua sponte.* The Honorable Cecilia M. Altonaga, United States District Judge, has referred all discovery motions and non-dispositive motions filed pursuant to Federal Rules of Civil Procedure 12, 13, and 14 to the undersigned Magistrate Judge.  In order to efficiently resolve discovery disputes, the parties are hereby notified that the following rules apply to discovery objections before this Court.  If discovery responses contrary to this Order have been made prior to the entry of this Order, any response to a motion to compel shall correct the deficiency.

**Counsel and parties are advised to thoroughly review the District Judge's Order Setting Trial and Pre-Trial Schedule, which sets an expedited briefing schedule for motions to compel and motions for protective order.**

**1.  Vague, Overly Broad, and Unduly Burdensome**

The parties shall not make nonspecific, boilerplate objections.  Such objections do not comply with Local Rule 26.1(g)(3)(A), which provides, "Where an objection is made to any interrogatory or sub-part thereof or to any document request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds."

Objections that state that a discovery request is "vague, overly broad, or unduly burdensome" are, standing alone, meaningless, and will be found meritless by this Court.  A party objecting on these grounds must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome.  *See* Fed. R. Civ. P. 33(b)(4); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("[T]he mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory.  On the contrary, the party resisting discovery 'must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.'" [citation omitted]).  If a party believes that the request is vague, that party shall attempt to obtain clarification prior to objecting on this ground.

### 2.  Objections Based Upon Scope

If there is an objection based upon an unduly broad scope, such as time frame or geographic location, discovery should be provided as to those matters within the scope that is not disputed.  For example, if discovery is sought nationwide for a ten-year period, and the responding party objects on the grounds that only a five-year period limited to activities in the State of Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period as to the State of Florida.

### 3.  Irrelevant and Not Reasonably Calculated to Lead to Admissible Evidence

An objection that a discovery request is irrelevant and not reasonably calculated to lead to admissible evidence must include a specific explanation describing why the request lacks relevance and why the information sought will not reasonably lead to admissible evidence.  The parties are reminded that the Federal Rules allow for broad

discovery that does not need to be admissible at trial.  *See* Fed. R. Civ. P. 26(b)(1);

*Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351-52 (1978); *see also* S.D. Fla. L.R.

26.1(g)(3)(A).

### 4.  Formulaic Objections Followed by an Answer

The parties shall not recite a formulaic objection followed by an answer to the

request.  It has become common practice for a party to object on the basis of any of the

above reasons, and then state that "notwithstanding the above," the party will respond to

the discovery request, subject to or without waiving such objection.  Such an objection

and answer preserves nothing and serves only to waste the time and resources of both

the parties and the Court.  Further, such practice leaves the requesting party uncertain

as to whether the question has actually been fully answered or whether only a portion of

the question has been answered.  *See* Civil Discovery Standards, 2004 A.B.A. Sec. Lit.

18; *see also* S.D. Fla. L.R. 26.1(g)(3)(A).

### 5.  Objections Based upon Privilege

Generalized objections asserting attorney-client privilege or work product

doctrine also do not comply with the Local Rules.  Local Rule 26.1(g)(3)(B) requires that

objections based upon privilege identify the specific nature of the privilege being

asserted, as well as, *inter alia*, the nature and subject matter of the communication at

issue, and the sender and receiver of the communication and their relationship to each

other.  The parties are instructed to review Local Rule 26.1(g)(3)(B) carefully and to

refrain from objections such as: "Objection.  This information is protected by

attorney/client and/or work product privilege."  If a general objection of privilege is made

without attaching a proper privilege log, the objection of privilege may be deemed

waived.

**DONE AND ORDERED** in chambers in Miami, Florida, on April 19, 2011.

*Andrea M. Simonton*

ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
All counsel of record